IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UP-SIDE MANAGEMENT COMPANY,
A NORTH CAROLINA CORPORATION,

    Plaintiff,

v.

                              Case No.

J. E. SHURDEN CONSTRUCTION, LLC,
A MISSISSIPPI LIMITED LIABILITY
COMPANY,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Up-Side Management Company, ("U-SMC"), by and through its undersigned counsel, brings this complaint against Defendant J. E. Shurden, LLC ("J.E. Shurden"), and alleges as follows:

## INTRODUCTION

1. This is breach of contract action arising out of two United States Army Corps of Engineers ("USACE") projects performed in Fort Rucker, Alabama.

2. USACE contracted with U-SMC to perform construction services on the two projects, referred to as the Repair Rotary Wing Parking at Lowe Field ("Lowe Field") project and Repair Helipads at Shell Field ("Shell Field") project (together, the "Projects").

3. U-SMC executed a subcontract to J.E. Shurden to perform the excavation and site prep work on both of the Projects.

4. A true and correct copy of the subcontract entered into between U-SMC and J.E. Shurden for Lowe Field ("Lowe Field Subcontract") is appended hereto as Exhibit 1. A true and correct copy of the subcontract entered into between U-SMC and J.E. Shurden for Shell Field (the "Shell Field Subcontract") is appended hereto as Exhibit 2 (together, the "Subcontracts").

5. In its performance of the Subcontracts, J.E. Shurden rented multiple pieces of equipment from H&E Equipment Services, Inc. ("H&E") to perform the work required on the Projects.

6. Despite its express commitments in the agreement between J.E. Shurden and H&E, J.E. Shurden failed to fully compensate H&E for the total cost of the rental equipment.

7. After H&E demanded J.E. Shurden pay the amounts owed for the rental equipment, H&E submitted demand letters to U-SMC for payment.

8. U-SMC paid H&E the amounts owed by J.E. Shurden and now seeks to recover reimbursement for costs it incurred as a result of J.E. Shurden's breaches of the Subcontracts.

9. U-SMC also paid Wiregrass Construction Company, Inc. ("Wiregrass") for materials that J.E. Shurden purchased and used for the Shell Field

project.

10. J.E. Shurden failed to remit payment to Wiregrass for the work performed, and Wiregrass was unable to collect payment from J.E. Shurden.

11. J.E. Shurden also failed to satisfactorily complete the work required on the Shell Field Subcontract. This forced U-SMC to award a contract to Gum Creek Farms, Inc. ("Gum Creek Farms") to complete the work at significant additional cost to U-SMC.

## PARTIES

12. Plaintiff, U-SMC, is a corporation organized under the laws of the State of North Carolina, with its principal office located in Florida.

13. Defendant, J.E. Shurden, is a limited liability company organized under the laws of the State of Mississippi, with its principal office located in Mississippi. Upon information and belief, the sole member and manager of J.E. Shurden is an individual named Jonathan Shurden, who is domiciled in Mississippi.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over this case under 28 U.S.C. § 1332(a).

15. Complete diversity exists between Plaintiff and Defendant.

16. The amount in controversy exceeds $75,000.00, excluding interest, costs, and attorney fees.

17. Venue is proper in this Court pursuant Article 11.3.3 of the

Subcontracts, which each state that the parties selected, for the purpose of binding dispute resolution: "Litigation in either the state or federal court having jurisdiction of the matter in Jacksonville, Duval County, Florida."

18. This Court has jurisdiction over the subject matter of this action.

19. All conditions precedent to U-SMC's right to bring suit have been performed, waived, or excused.

## GENERAL ALLEGATIONS

20. USACE awarded U-SMC two contracts, one to construct and repair the rotary wing parking apron at Lowe Field, and the other to construct and repair helipads at Shell Field, both located at Fort Rucker in Alabama.

21. On or about April 16, 2021, U-SMC awarded the Lowe Field Subcontract, Subcontract No. S19420, to J.E. Shurden to perform excavation and site preparation work for the Lowe Field project. *See generally* Ex. 1. U-SMC awarded the Lowe Field Subcontract to J.E. Shurden as a firm fixed-price contract with a total price of $1,032,328.74.

22. As a result of bilateral modifications to the Lowe Field Subcontract, the total amount actually paid by U-SMC to J.E. Shurden for work on the Lowe Field project was $1,065,466.78.

23. On or about November 2, 2021 U-SMC awarded the Shell Field Subcontract, Subcontract No. S19606, to perform excavation and site preparation

work on the Shell Field project. *See generally* Ex. 2. U-SMC awarded the Shell Field Subcontract to J.E. Shurden as a firm fixed-price contract with a total price of $1,420,067.46.

24. As a result of bilateral modifications to the Shell Field Subcontract and J.E. Shurden not completing the project, the total amount actually paid by U-SMC to J.E. Shurden for work on the Shell Field project was $830,874.82.

25. The Subcontracts expressly required J.E. Shurden to pay all suppliers and lower-tier subcontractors promptly upon receiving payment from U-SMC for work completed on the projects. Article 8.10 of the Subcontracts specifically states, in relevant part: "Upon payment of Contractor, Subcontractor shall promptly pay its subcontractors and suppliers the amounts to which they are entitled." *See* Ex. 1 at 7; *see also* Ex. 2 at 7.

26. U-SMC paid J.E. Shurden for all work performed on the Shell Field and Lowe Field projects in accordance with the terms of the Subcontracts.

27. Despite being paid by U-SMC for work associated with the Projects, including the rental equipment supplied by H&E, J.E. Shurden failed to remit payment to H&E for the rental equipment.

28. J.E. Shurden also defaulted on the Shell Field project by failing to complete all required work under the Shell Field Subcontract.

29. U-SMC hired a replacement contractor, Gum Creek Farms, to complete the work on Shell Field and in so doing incurred costs in excess of $100,000.00 over the total for the original Shell Field Subcontract.

30. On or about February 7, 2023, H&E submitted a demand letter to J.E. Shurden for all sums owed relating to H&E rental equipment used by J.E. Shurden. Upon information and belief, J.E. Shurden never responded to H&E's demand letter.

31. On or about February 10, 2023, H&E submitted a second set of demand letters to J.E. Shurden, demanding all sums owed relating to the rental equipment used for the Projects. Upon information and belief, J.E. Shurden never responded to H&E's demand letter.

32. On or about March 24, 2023, H&E transmitted to U-SMC a Miller Act claim for each of the Projects, pursuant to 40 U.S.C. § 3131, demanding payment for the rental equipment used for the Projects. The Miller Act claims included copies of H&E's demand letters. Specifically, H&E demanded payment in the amount of $24,360.27 for the Lowe Field project and $36,936.08 for the Shell Field project. A true and correct copy of the Miller Act claim for Lowe Field is appended hereto as Exhibit 3 and a true and correct copy of the Miller Act claim for Shell Field is appended hereto as Exhibit 4.

33. Under the Miller Act, it is the responsibility of the federal prime contractor, in this case U-SMC, to ensure that all subcontractors and vendors who

perform work on behalf of the Federal government, in this case USACE, are paid for the work they perform. Accordingly, on or about June 15, 2023, U-SMC remitted payment to H&E in the amount of $61,296.35, representing the unpaid balance owed by J.E. Shurden to H&E for the rental equipment used on the Projects.

34. On or about July 28, 2023, another supplier for J.E. Shurden approached U-SMC about paying an overdue invoice for materials used by J.E. Shurden on the Shell Field project. J.E. Shurden failed to pay a $6,024.38 invoice from Wiregrass from March 11, 2023. Wiregrass had attempted to collect the overdue amount from J.E. Shurden but J.E. Shurden failed to respond.

## CLAIM 1 – BREACH OF CONTRACT (LOWE FIELD)

35. U-SMC restates and re-alleges all allegations against Defendant contained in paragraphs 1 through 34 of this Complaint and incorporates them by reference as if fully stated herein.

36. J.E. Shurden materially breached the Lowe Field Subcontract by failing to provide payment in full to H&E for work associated with the Lowe Field project, totaling $24,360.27.

37. J.E. Shurden failed to pay H&E for the rental equipment despite receiving payment from U-SMC for the work performed by H&E on the Lowe Field project.

38. Due to J.E. Shurden's material breach of the Lowe Field Subcontract,

U-SMC sustained damages in an amount of no less than $24,360.27.

39. U-SMC retained the undersigned law firms, Balch & Bingham and Holland & Hart LLP, to represent U-SMC in this action. Pursuant to Article 11.4 of the Lowe Field Subcontract, J.E. Shurden is obligated to pay all reasonable attorney fees and costs incurred in bringing this action. *See* Ex. 1 at 10.

40. As a direct result of J.E. Shurden's actions, U-SMC has suffered significant damages and losses in an amount to be determined at trial.

### CLAIM II – BREACH OF CONTRACT (SHELL FIELD)

41. U-SMC restates and re-alleges all allegations against Defendant contained in paragraphs 1 through 34 of this Complaint and incorporates them by reference as if fully stated herein.

42. J.E. Shurden materially breached the Shell Field Subcontract by failing to provide payment in full to H&E for work associated with the Shell Field project, totaling $36,936.08.

43. J.E. Shurden failed to pay H&E for the rental equipment despite receiving payment from U-SMC for the work performed by H&E on the Shell Field project.

44. Due to J.E. Shurden's material breach of the Shell Field Subcontract, U-SMC sustained damages in an amount of no less than $36,936.08.

45. U-SMC retained the undersigned law firms, Balch & Bingham and

Holland & Hart LLP, to represent U-SMC in this action. Pursuant to Article 11.4 of the Shell Field Subcontract, J.E. Shurden is obligated to pay all reasonable attorney fees and costs incurred in bringing this action. *See* Ex. 2 at 10.

46. As a direct result of J.E. Shurden's actions, U-SMC has suffered significant damages and losses in an amount to be determined at trial.

### CLAIM III – BREACH OF CONTRACT (SHELL FIELD)

47. U-SMC restates and re-alleges all allegations against Defendant contained in paragraphs 1 through 34 of this Complaint and incorporates them by reference as if fully stated herein.

48. J.E. Shurden materially breached the Shell Field Subcontract by failing to provide payment in full to Wiregrass for material used by J.E. Shurden on the Shell Field project, totaling $6,024.38.

49. J.E. Shurden failed to pay Wiregrass for the material despite receiving payment from U-SMC for the material supplied by Wiregrass on the Shell Field project.

50. Due to J.E. Shurden's material breach of the Shell Field Subcontract, U-SMC sustained damages in an amount of no less than $6,024.38.

51. U-SMC retained the undersigned law firms, Balch & Bingham and Holland & Hart LLP, to represent U-SMC in this action. Pursuant to Article 11.4 of

the Shell Field Subcontract, J.E. Shurden is obligated to pay all reasonable attorney fees and costs incurred in bringing this action.  *See* Ex. 2 at 10.

52.	As a direct result of J.E. Shurden's actions, U-SMC has suffered significant damages and losses in an amount to be determined at trial.

### CLAIM IV – BREACH OF CONTRACT (SHELL FIELD)

53.	U-SMC restates and re-alleges all allegations against Defendant contained in paragraphs 1 through 34 of this Complaint and incorporates them by reference as if fully stated herein.

54.	J.E. Shurden materially breached the Shell Field Subcontract by failing to complete all work required under the Shell Field Subcontract.

55.	Due to J.E. Shurden's material breach of the Shell Field Subcontract, U-SMC sustained damages in an amount in excess of $100,000.00, with the total amount to be determined at trial.

56.	U-SMC had the right, under Article 10.1.1.2 of the Shell Field Subcontract, to contract with one or more additional contractors to complete the work J.E. Shurden failed to complete and charge the actual cost to complete the work to J.E. Shurden.  *See* Ex. 2 at 9.

57.	U-SMC retained the undersigned law firms, Balch & Bingham and Holland & Hart LLP, to represent U-SMC in this action.  Pursuant to Article 11.4 of

the Shell Field Subcontract, J.E. Shurden is obligated to pay all reasonable attorney fees and costs incurred in bringing this action. *See* Ex. 2 at 10.

58. As a direct result of J.E. Shurden's actions, U-SMC has suffered significant damages and losses in an amount to be determined at trial.

## CLAIM IV – UNJUST ENRICHMENT
## (IN THE ALTERNATIVE)

59. U-SMC restates and re-alleges all allegations against J.E. Shurden contained in paragraphs 1 through 34 of this Complaint and incorporates them by reference as if fully stated herein.

60. J.E. Shurden received benefits at U-SMC's expense under circumstances that would make it unjust for J.E. Shurden to retain those benefits.

61. U-SMC paid J.E. Shurden pursuant to the terms of the Subcontracts for work performed by H&E on the Projects.

62. Despite receiving $61,296.35 in payment from U-SMC corresponding to the amounts due to H&E for work performed on the Projects, J.E. Shurden retained the benefit of U-SMC's payment at U-SMC's expense instead of remitting payment to H&E as expressly required by the Subcontracts.

63. The circumstances under which J.E. Shurden received these benefits would make it unjust for it to retain the same without commensurate compensation to U-SMC.

64. J.E. Shurden has been unjustly enriched by its wrongful actions in the matter described above.

65. As a direct result of J.E. Shurden's actions, U-SMC has suffered significant damages and losses in an amount to be determined at trial.

### CLAIM V – PROMISSORY ESTOPPEL
### (IN THE ALTERNATIVE)

66. U-SMC restates and re-alleges all allegations against Defendants contained in paragraphs 1 through 34 of this Complaint, and incorporates them by reference as if fully stated herein.

67. Under the express terms of the Subcontracts, J.E. Shurden promised that it would "promptly pay its subcontractors and suppliers the amounts to which they are entitled" for work performed on the Projects. *See* Ex. 1 at 7 and Ex. 2 at 7.

68. U-SMC reasonably expected that J.E. Shurden would compensate its suppliers and lower-tier subcontractors as necessary when U-SMC paid J.E. Shurden for work performed in accordance with the Subcontracts.

69. U-SMC reasonably and detrimentally relied on J.E. Shurden's promise when it paid $61,296.35 to J.E. Shurden for equipment supplied by H&E and used on the Projects.

70. J.E. Shurden's promise must be enforced to prevent injustice.

71. As a direct result of J.E. Shurden's actions, and U-SMC's detrimental reliance on J.E. Shurden's promise, U-SMC has suffered significant damages and

losses in an amount to be proven at trial.

## REQUESTED RELIEF

Based on the allegations set forth in this Complaint, U-SMC respectfully requests that this Court grant the following relief:

1. Award U-SMC its actual, consequential, and/or compensatory damages to be paid by J.E. Shurden in an amount to be proven at trial;

2. Award U-SMC applicable pre-judgment and post-judgment interest;

3. Award U-SMC its reasonable attorney fees and costs incurred for bringing and prosecuting this action;

4. Award U-SMC such additional relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

U-SMC hereby demands a trial by jury on any and all issues so triable.

Dated: August 17, 2023

> */s/ Geremy W. Gregory*
> Geremy W. Gregory
> Florida Bar No. 102645
> BALCH & BINGHAM LLP
> One Independent Drive, Suite 1800
> Jacksonville, Florida 32202
> Telephone: (904) 348-6875
> Facsimile: (866) 501-9968
> Email: ggregory@balch.com

Shaun C. Kennedy
(*pro hac vice* forthcoming)
HOLLAND & HART LLP
555 17th Street, Suite 3200
P.O. Box 8749
Denver, Colorado 80202
Telephone: (303) 295-8000
Facsimile: (303) 957-5460
Email: sckennedy@hollandhart.com

*Attorneys for Plaintiff*
*Up-Side Management Company*